# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| DARRIN CADY,<br><br>        Plaintiff,<br><br>vs.<br><br>KATHLEEN BECARRI and the<br>MONTANA DEPARTMENT OF<br>CORRECTIONS,<br><br>        Defendants. | Cause No. CV 12-0084-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending is Plaintiff Darrin Cady's Motion to Proceed in Forma Pauperis and proposed Complaint.

**I. Motion to Proceed in Forma Pauperis**

Cady submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Cady must pay the statutory $350.00 filing fee. Cady has insufficient funds to pay an initial partial filing fee but will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and

1

cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Cady will be directed to forward payments from Cady's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Cady's Complaint shall be deemed filed as of the date the Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court. *See Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280-81 (9th Cir. 1983); *see also United States v. Dae Rim Fishery Co.,* 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## II. Statement of the Case

### A. Parties

Cady is a prisoner proceeding without counsel. He is incarcerated at Ravalli County Detention Center in Hamilton, Montana. The named defendants are Kathleen Becarri and the Montana Department of Corrections. Dkt. 2, p. 4.

### B. Factual Allegations

Cady alleges that parole officer, Kathleen Becarri and the Montana Department of Corrections failed to fulfill their duties in supervising him from 2000 to the present. Specifically, he asserts the Defendants allowed him — a

paranoid schizophrenic — to travel around America as a vagabond, and did nothing to help him adjust back to the community. Cady alleges that as a result of Defendants' negligent supervision he sustained numerous physical injuries. Dkt. 2, p. 5.

## III. Prescreening

### A. Standard

Cady is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner in forma pauperis complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation

marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### B. Analysis

#### 1. Montana Department of Corrections

The Montana Department of Corrections is a state agency protected from monetary damages by immunity under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another

4

State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. Hence any claim against the State of Montana or any agency of the State (such as Montana Department of Corrections) for monetary damages cannot be brought in federal court.

One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997); *Pennhurst State Sch. & Hosp. V. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997) cert. denied, 118 S.Ct. 2340 (1998). Cady does not seek injunctive relief in his Complaint. Moreover, because Cady is now incarcerated there exists no basis for injunctive relief.

The Montana Department of Corrections will be recommended for

dismissal.

## 2. Defendant Beccari's alleged Failure to Supervise

Cady alleges Defendant Beccari should be liable for failing to properly supervise him while he was on parole. He even seems to allege that Beccari should be liable for not revoking his parole sooner.

To succeed on his § 1983 claim, Cady "must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived [plaintiff] of a federal constitutional or statutory right." *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) (*citing Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006)). For purposes of this Order it will be presumed that Ms. Beccari was acting under color of state law. However, there is no showing that Ms. Beccari deprived Cady of a federal constitutional or statutory right.

In *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 195 (1989), the Supreme Court held that, "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." The court elaborated that,

> [t]he Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or

6

> property without "due process of law," but its language cannot fairly
> be extended to impose an affirmative obligation on the State to ensure
> that those interests do not come to harm through other means.

*Id.*

Therefore, the Due Process Clause "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* at 196. Thus, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197.

There are two exceptions to the *DeShaney* rule: "(1) when a 'special relationship' exists between the plaintiff and the state (the special-relationship exception);" and "(2) when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger' (the state-created danger exception)." *Patel*, 648 F.3d at 971–72. If either exception applies, a state's omission or failure to protect may give rise to a § 1983 claim." *Id.* at 972 (internal citations omitted). Cady failed to plead facts to place this case within either exception.

The special relationship exception generally applies to incarcerated prisoners. But even though the state subjects a parolee to many restrictions, being

7

on parole is very different from being confined in prison. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *but see Jacobs v. Ramirez*, 400 F.3d 105, 106 (2nd Cir. 2005). ("A parolee, although not in the state's physical custody, is nonetheless in its legal custody, and his or her freedom of movement, while not as restricted as that of an incarcerated prisoner, is nonetheless somewhat curtailed.").

There are some distinguishable district court decisions which have examined the liability of parole or probation officers for failure to protect parollees/probationers. These claims have been examined under both the Eighth Amendment, *Clinton v. De La Cruz*, 2012 WL 1247142 (C.D. Cal. 2012) and the Fourteenth Amendment substantive due process. *Gibson v. Wood*, 563 F.Supp.2d 341, 347 (D.Conn. 2008). In *Clinton*, the court considered whether a correctional counselor could be liable for ignoring safety concerns of an inmate set to be released. In *Gibson*, the court considered whether a parole officer could be liable for a failure to protect a parolee when the parolee told the officer he was in danger, his concerns were ignored, and he was attacked outside the parole office. Neither case found liability and both differ significantly from this case. The *Clinton* case dealt with an injury arising out of an incident which occurred soon after the inmate's release from custody. The *Gibson* case analysis focused on whether the failure to protect arose from a restriction on movement of the parolee.

Here, Cady seeks to impose liability upon Beccari for allegedly failing to fulfill her duties as a parole officer. To the extent he contends Beccari should have made sure he had public assistance (whether it be housing, mental health, medical care, etc.), *DeShaney* specifically held that there is no duty to provide such services. Moreover, Cady's arguments do not arise from a curtailment of his movement. Rather, he seems to suggest that Ms. Becarri should have restricted his travel and even revoked his parole years ago.

Under Montana law, a probation and parole officer must "assist the parolee in adjusting to community life." Mont. Code Ann. §46-23-1021(4). But even if this statute created a duty to assist a parolee adjust to the community after release from custody, Cady was released over ten years ago. Any failure to help him adjust to community life occurred well over the three-year statute of limitations which applies to cases filed pursuant to 42 U.S.C. § 1983.[1]

The second *DeShaney* exception does not apply as there is no allegation that Defendants affirmatively placed Cady in danger.

Lastly, Cady's claim is that Defendants were negligent in not in not helping

---

[1] The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined that the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. *Mont. Code. Ann.* § 27-2-204(1).

him adjust back to the community. But, Cady must allege more than mere negligence to state a constitutional claim against Defendants for failing to help him adjust back into the community. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

All claims regarding an alleged failure to supervise Cady while he was on parole will be recommended for dismissal.

## IV. Conclusion

### A. Leave to Amend

Cady's allegations fail to state a claim upon which relief may be granted. These are not defects which could be cured by amendment. The Complaint should be dismissed.

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### C. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

Cady has failed to state a claim against Defendants. The dismissal of this

case should constitute a strike under 28 U.S.C. § 1915(g).

### D. Address Changes

At all times during the pendency of this action, Cady SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Cady has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## ORDER

1. Cady's Motion to Proceed in Forma Pauperis (Dkt. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Dkt. 2) to remove the word "LODGED" and the Complaint is deemed filed on May 22, 2012.

Further, the Court issues the following:

## RECOMMENDATION

1. Cady's Complaint (Dkt. 2) should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Cady failed to state a claim upon which relief may be granted and his claims are frivolous.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Cady may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Cady files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which

objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Cady from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of August, 2012.

Jeremiah C. Lynch
United States Magistrate Judge