
DEC 0 5 2012

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DARRIN CADY, | ) | CV 12-84-M-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| KATHLEEN BECCARI, and the | ) | |
| MONTANA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

United States Magistrate Judge Jeremiah C. Lynch issued Findings and Recommendations to dismiss Plaintiff Darrin Cady's complaint on August 23, 2012. (Doc. 4.) Plaintiff timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The parties are familiar with the factual and procedural background of this case so it will not be repeated here.

Plaintiff first objects to the Eleventh Amendment's prohibition of suit

against the Department of Corrections, arguing the United States Supreme Court has granted absolute power to the states. Plaintiff is incorrect. As Judge Lynch pointed out in his Findings and Recommendations, the State of Montana has waived immunity for tort claims brought in state court, but not in federal court. Mont. Code Ann. § 2-9-101 et seq. The Eleventh Amendment also does not prohibit suits for declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997). Thus, the Eleventh Amendment does not bar all claims against the State as Plaintiff suggests–but it does bar his claim against the Department of Corrections because he sued in federal court and is not seeking injunctive relief.

Plaintiff next contends that Judge Lynch erred in determining Montana Code Annotated § 2-9-101 et seq. provides that Montana has waived immunity only for tort claims brought in State court. Plaintiff cites Article II Section 18 of the Montana Constitution for the proposition that state and local governments are not immune except as specified by law or by a 2/3 vote of the Legislature. Thus, Plaintiff concludes Montana is not exempt from suit in federal court. Plaintiff is overlooking *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, cited by Judge Lynch for its holding that absent waiver, a state or state agency is not subject to suit in federal court. 506 U.S. 139, 144 (1993). Judge Lynch did

not err in finding the Eleventh Amendment bars Plaintiff's suit against the Montana Department of Corrections.

Plaintiff's third objection does not raise any specific issue but instead reiterates his complaint that Defendant Becarri violated her duties as a parole officer under Mont. Code Ann. § 46-23-1021(4). Becarri did not have an affirmative duty to ensure Plaintiff had public assistance. *Deshaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189 (1989). To the extent Plaintiff alleges a violation of Becarri's duty to assist him in adjusting to community life under § 46-23-1021(4), that claim is barred by the applicable three-year statute of limitations because he was released over ten years ago. *See Wilson v. Garcia*, 471 U.S. 261 (1985) (applicable statute of limitations for claims under 42 U.S.C. § 1983 is the state statute of limitations period for personal injury actions, which is three years in Montana. Mont. Code Ann. § 27-2-204(1)).

Plaintiff contends that the statute of limitations was tolled because he was found unfit to proceed in a state court proceeding in 2000, citing Mont. Code Ann. § 27-2-401. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir.

2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999)). Montana law tolls the statute of limitations if a litigant is committed pursuant to a mental disorder, among other reasons, but the "time limit cannot be extended more than 5 years by the disability of commitment." Mont. Code Ann. § 27-2-401; *Murphy for L.C. v. State*, 748 F.2d 907 (Mont. 1987). Plaintiff does not state how long his term of commitment in the State mental hospital lasted. However, assuming his commitment lasted longer than five years and he was committed on June 6, 2001, as he alleges, he was required to file his complaint by June of 2009. He filed his complaint on May 22, 2012. Even assuming Plaintiff could state a claim under § 1983 against Becarri for violation of Mont. Code Ann. § 46-23-1021(4)[1], the claim is barred by the statute of limitations.

Plaintiff objects that his right to individual dignity under Article II Section 4 of the Montana Constitution has been violated by Becarri's failure to provide parole services. Montana's Constitution "recognizes that all human beings have the right to individual dignity." *Wilson v. State*, 249 P.3d 28, 33 (Mont. 2010). The Montana Supreme Court reads this right together with the right to be free from cruel and unusual punishment when both provisions are implicated in order

---

[1] It is far from clear that Plaintiff's allegations do state a claim under Section 1983. Because his claim is barred by the statute of limitations in any event, the Court need not reach the merits of his claim.

to provide Montana citizens greater protection than the federal constitution. *Id.* In *Wilson*, an inmate sued the State of Montana for the alleged failure of doctors at Montana State Prison to properly treat his mental illness. The Court held the State's psychiatric care of Wilson was not deliberately indifferent, despite the additional protection provided by Montana's right to individual dignity. *Id.* at 33-34. Plaintiff here was on parole, not an incarcerated prisoner like Wilson. Plaintiff does not fall squarely under the "special-relationship exception" to the *Deshaney* rule as did Wilson because Plaintiff was on parole and thus not directly in the State's physical custody. *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011)(citing *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006)). Even given Wilson's incarcerated status, the Montana Supreme Court denied Wilson's deliberate indifference claim. Plaintiff's objection that Becarri's failure to supervise him while he was on parole violated his right to individual dignity is not supported by the law.

Plaintiff objects that the Court's pro-se § 1983 form instructions not to cite legal arguments hinders his ability to state a claim for relief. The facts Plaintiff presented in his complaint and objections do not state a claim under § 1983, so no amount of legal argument would prevent dismissal of his claim. Plaintiff's objection that his right to equal protection has been violated is conclusory and will

not be considered. There being no clear error in Judge Lynch's remaining findings and recommendations,

IT IS HEREBY ORDERED:

1. Judge Lynch's Findings and Recommendations (doc. 4) are ADOPTED in full.

2. Plaintiff's Complaint (doc. 2) is DISMISSED.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Procedure.

4. The docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The docket shall also reflect this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

Dated this 5th day of December, 2012.

Dana L. Christensen, District Judge
United States District Court